1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT**
6          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7
8   JAVIER VIRELAS LOPEZ,                No. CIV S-08-0881-JAM-CMK-P
9                    Petitioner,
10         vs.                                   FINDINGS AND RECOMMENDATIONS
11  T. FELKER, et al.,
12                   Respondents.
13  _____/
14         Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of
15  habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to
16  dismiss (Doc. 10) for failure to exhaust.  Petitioner has not filed an opposition.
17         Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required
18  before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy,
19  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.
20  Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in two
21  ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the
22  claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal
23  court no state remedies are available to the petitioner and the petitioner has not deliberately
24  by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations
25  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to
26  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

1

1  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

2          Respondents argue:

3                  In this case, none of Petitioner's claims has been fairly presented to
   the California Supreme Court.  Petitioner did not file a petition for review
4          following the Court of Appeal's rejection of his claims of insufficient
   evidence to support the gang enhancements.  Nor did he file a state habeas
5          petition in the California Supreme Court containing those or any other
   claims.  Indeed, most of the claims raised in the Petition have not been
6          presented previously to *any* state court, including Petitioner's claims of
   insufficient evidence of attempted murder, prosecutorial misconduct, and
7          certain claims of ineffective assistance of counsel.

8  The forgoing is consistent with the information provided by petitioner in the petition, in which he

9  indicates that he did not seek direct review beyond the California Court of Appeal and that his

10 only state habeas petition was filed in the Sacramento County Superior Court.  As both petitioner

11 and respondents state, none of petitioner's claims have been presented to the California Supreme

12 Court.  Therefore, the claims are unexhausted and this petition should be dismissed.

13         Based on the foregoing, the undersigned recommends that respondents'

14 unopposed motion to dismiss (Doc. 10) be granted.

15         These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

17 after being served with these findings and recommendations, any party may file written

18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19 Findings and Recommendations."  Failure to file objections within the specified time may waive

20 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22  DATED: September 12, 2008

23                                          _____
                                           CRAIG M. KELLISON
24                                         UNITED STATES MAGISTRATE JUDGE

25

26

                                            2